IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DAVEY ELRIS WORTHEN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:15CV00707-DPM-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

### PROPOSED FINDING AND RECOMMENDATION

#### Instructions

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

#### Recommended Disposition

Davey Worthen seeks judicial review of the denial of his application for disability insurance benefits and supplemental security income.   This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d

254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)(B).

Mr. Worthen was fifty-two years old at the time of the Administrative Law Judge's (ALJ) decision. (Tr. 32) He testified he is a high school graduate and has past relevant work as a machine operator, truck driver, and press operator. (Tr. 34-35)

Plaintiff alleges he is disabled due to his back and spine disorder. The ALJ[1] found Mr. Worthen had not engaged in substantial gainful activity since August 1, 2012, the alleged onset date. (Tr. 14) The ALJ found his back and spine disorder qualified as a "severe" impairment under the regulations. (*Id.*) The ALJ further found Mr. Worthen did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Mr. Worthen had the residual functional capacity to perform a reduced range of light work. (Tr. 15) Given his residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of his past jobs. (Tr. 20) Therefore, she utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Worthen could perform despite his impairments. The ALJ determined Mr. Worthen could perform the job of small products assembler. (Doc. No. 21.) Accordingly, the ALJ determined Mr. Worthen was not disabled. (Tr. 21-22)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of his Complaint, Plaintiff raises two arguments. He argues: 1) the ALJ failed to give proper weight to his treating doctor, Richard Heck, M.D.; and 2) the ALJ failed to properly evaluate his credibility. (*Id.* at pp. 7-13.)

Dr. Heck completed a "Spinal Impairment Questionnaire" contradicting a finding that Mr. Worthen could perform light work. (Tr. 373-79) Dr. Heck stated Plaintiff could only sit four hours a day and stand/walk four hours a day. (Tr. 376) He said it would be "necessary or medically recommended" to not sit continuously because Mr. Worthen needed to "get up and move around" every thirty minutes. *Id.* He also indicated Mr. Worthen could only lift and carry up to ten to twenty pounds occasionally. (Tr. 376-377) Dr. Heck said Mr. Worthen's condition would result in good and bad days and would likely result in the need to miss work more than three times a month. (Tr. 378) Dr. Heck also stated Mr. Worthen "has likely received maximum improvement from surgery." (Tr. 379) Plaintiff has undergone surgery twice for his back, most recently in August 2012. (Tr. 300)

3

With regard to Dr. Heck's report, the ALJ concluded that Dr. Heck's conclusions were only partially reliable. While I find the ALJ did a fairly thorough job in this case, I disagree with her determination to discount Dr. Heck's findings. While she points to some areas of Dr. Heck's treatment records that do not fully support his Impairment Questionnaire, on balance the records support Dr. Heck's conclusions.

The Commissioner points to a more recent examination by Dr. Heck that says his weakness and numbness had improved. (Doc. No. 12 at 5) While this is correct, the treatment note also states, "weakness/numbness in leg still present." (Tr. 396) Dr. Heck also noted that Mr. Worthen had lumbar spasms and was "positive for back pain." (Tr. 396-397)

I also find it noteworthy that Plaintiff's surgeon, Tim Burson, M.D., reported approximately six weeks after Plaintiff's surgery, "He is still having what he described as pain/numbness." (Tr. 336) Dr. Burson believed it "should resolve" but he was placed in physical therapy. *Id*. As the records reveal, Mr. Worthen could not tolerate the physical therapy because of the pain. (Tr. 396)

The ALJ determined Mr. Worthen could perform light work despite his back issues. I note the residual functional capacity assessment need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt her findings as the appropriate residual functional capacity. Instead, it "is the ALJ's responsibility to determine a claimant's [residual functional capacity] based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). But the fact that Mr. Worthen's primary care doctor determined his back impairment was more limiting should weigh heavily in the ALJ's determination. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). A treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and

4

laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). The ALJ may discount or even disregard a treating physician's opinions <u>if</u> "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion." *See Id.* (internal quotations omitted). Here, I find Dr. Heck's conclusions to be consistent with the overall evidence of record. I find no reason to discount his conclusions.

So the evidence of record, giving Dr. Heck's opinion appropriate weight, simply does not support a determination that Plaintiff is capable of work at the light exertional level. I conclude that Mr. Worthen's medical records and his treating doctor's medical opinions provide substantial evidence in support of his claim that he suffers from significant limitations in his ability to perform work related activities. Accordingly, I find the decision of the ALJ is not supported by substantial evidence.

### Conclusion and Recommendation

Plaintiff has provided compelling evidence from his treating doctor who concludes he is much more limited than the ALJ concluded. His doctor's conclusions are supported by his treatment notes and the objective medical evidence. Accordingly, I find that the decision of the ALJ is not supported by substantial evidence and this case should be reversed for further development of the record. On remand, the ALJ should reconsider Dr. Heck's conclusions and, if necessary, obtain additional opinions from consulting or other treating doctors. On remand, the ALJ should also reconsider Mr. Worthen's credibility.

### Conclusion

I find the ALJ's decision is not supported by substantial evidence. Therefore, it is

recommended that this matter be REVERSED AND REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).

    DATED this 3rd day of May, 2016.

                                                    _____
                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE